LAURENCE MINOT & another, trustees, *vs.* CHARLES U.
COTTING & another, trustees.

Suffolk.    March 5, 1901. — June 18, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Encumbrances*, St. 1889, c. 442, To determine validity and extent of. *Easement*, In fee
not freehold. *Land Registration Act.*

The owner of an easement in fee in a private way adjoining his land is not a "per-
son having a freehold estate" within the meaning of St. 1889, c. 442, giving such
person a remedy to determine the validity, nature or extent of certain encum-
brances "when the title to land" appears to be affected.

*Semble*, that the provision of the Land Registration Act, St. 1898, c. 562, § 19, that
a person claiming "to own the legal estate in fee simple" may apply for regis-
tration of his title, does not include one claiming to own an easement in fee
simple.

A petition, under St. 1889, c. 442, to determine the nature and extent of the rights
of way claimed by the respondents, under a certain deed, in and over a private
way called Townsend Place in Boston, alleged, that the petitioners were the
owners of certain lots of land situated on Townsend Place with the buildings
thereon together with a right of way and of drainage in, upon, and over said
Townsend Place as appurtenant to said lands. *Held*, that it was the title to
the right of way and not the title to the land of Townsend Place that was intended
to be and was the subject of the petition.

PETITION under St. 1889, c. 442, to determine the nature
and extent of encumbrances in Townsend Place, a private way
leading out of Carver Street in Boston, filed May 26, 1900.

The respondents demurred to the petition, the principal ground
of demurrer being that the petitioners had not a freehold estate
in the premises within the meaning of the statute.  The case
was heard by *Barker*, J., who sustained the demurrer and
ordered the bill to be dismissed, and, with the consent of the
parties, reported the case to the full court to be determined on
the pleadings.

*H. E. Warner*, for the petitioners.

*W. L. Putnam*, for the respondents.

MORTON, J.    This is a petition under St. 1889, c. 442, to
determine the nature and extent of the rights of way claimed
by the respondents and reserved to them by deed in and over a
private way called Townsend Place which runs easterly and

southerly from Carver Street in the city of Boston. The petitioners are the owners of certain premises bounded northerly and westerly by said way, and extending to the centre of the way so far as it bounds said premises on the west, with a right of way appurtenant thereto in said Townsend Place. The respondents are the owners of certain premises situated on the northerly side of said way and between Carver Street and the premises of the petitioners.

One question and the principal one in the case is whether the petitioners as the owners of an easement in the way have such a title as will enable them to maintain this petition. The statute provides that, " When the title to land appears of record to be affected by a possible condition, restriction, reservation, stipulation or agreement made or imposed more than thirty years prior to the commencement of the proceedings hereinafter provided for, any person having a freehold estate, vested or contingent, in possession, reversion or remainder, in said land, or in any undivided or any aliquot part thereof, or any interest therein which may eventually become a freehold estate, and any person who has conveyed such estate or any such interest therein with covenants of title or warranty, may file a petition in the supreme judicial court for the purpose of determining the validity or defining the nature and extent of such possible condition, or other incumbrance, against any person who might be entitled in any event to claim to set up the same or to enforce or avail himself thereof." The petitioners contend that as owners of an easement in fee in the way they are possessed of a freehold estate in land which may be affected by reservations or restrictions or stipulations in the deeds under which the respondents claim and that therefore they are entitled to maintain this petition. But we think it is plain that the statute makes an interest as owner in the land that is affected, or a liability which may arise from having conveyed such interest with covenants of title or warranty the basis of the right to bring a petition under it, and not the ownership of an easement in such land. It is " when the title to land " may be affected by a possible restriction, etc. that a petition may be proper. And it is " any person having a freehold estate, vested or contingent, in possession, reversion or remainder, in said land, or in any undivided or any aliquot part

thereof, or any interest therein which may eventually become a freehold estate," who may bring the petition. These words more naturally describe an interest as owner in the land itself than they do an interest as owner of an easement. Again, the statute provides in section one, that " Two or more such defects of the same general character in a title to, the same parcel of land or to different portions of the same parcel of land may be set forth in the same petition," etc., recognizing still further that an ownership in the land in some form is the basis of the proceedings. In some of the previous statutes where the right to bring a petition has been given to persons " in possession of real property, claiming an estate of freehold therein," Pub. Sts. c. 176, § 1, St. 1893, c. 340, § 1, express provision has been made for persons in the enjoyment of an easement, which would tend to show that otherwise they would not have been regarded as in the possession of a freehold estate within the meaning of the statute.

There is no provision in the Land Registration Act for an application by the owner of an easement for the registration of his title, (St. 1898, c. 562, § 19,) and, so far as we know, except in the cases above referred to, there is no provision for a petition by the owner of an easement to have his rights determined. It seems to us, therefore, that the statute was not intended to afford a remedy by which owners of easements in the same land could have the nature and extent of their rights settled, and should not be so construed.

The petitioners further contend that they have a right to maintain their petition as the owners in fee to the centre of so much of the way as bounds their premises on the west and also as the owners in fee of a piece about seven feet square of that portion of Townsend Place on which the respondents' premises abut lying on the opposite side of the way and easterly of the respondents' premises. But we think that the petition does not properly set out any such claim. The allegations are that the petitioners are the owners in fee of certain lots of land situated on Townsend Place " with the buildings thereon, together with a right of way and of drainage in, upon, and over said Townsend Place as . . . appurtenant to said lands " ; that the respondents claim as trustees under the will of one

Williams to be the owners of certain premises abutting on Townsend Place, which is their southern boundary, conveyed to said Williams by deed; that the respondents further claim that as owners of said land they and their agents, servants and tenants are entitled under and by virtue of the grants contained in the deeds to said Williams to free and uninterrupted passage on foot and with horses and vehicles of all kinds to and from their premises through Townsend Place to Carver Street and that they are actually so using said Townsend Place; that the deeds under which the respondents claim affect the title to Townsend Place with possible conditions and restrictions and that the petitioners have a freehold estate as set forth in the petition in the land known as Townsend Place and bring their petition to have the validity and nature and extent of such possible encumbrance determined. The natural construction of this petition is, it seems to us, that it relates to the right of way in Townsend Place that was appurtenant to the land belonging to the petitioners and that their title and freehold estate in Townsend Place was such as they had by virtue of their ownership of the right of way. There is no allegation that the petitioners are the owners in fee of a portion of Townsend Place which is affected by possible restrictions, as it seems to us that there should have been if that was relied on by them. The only title or interest in Townsend Place which is set forth *in totidem verbis* is the right of way. If the title in fee to the land in Townsend Place was intended to be the subject of the petition, the allegation that the petitioners had a right of way in Townsend Place was superfluous. If the title to the right of way was intended to be the subject of the petition then no allegation respecting the title to the fee of the land in Townsend Place was necessary. And inasmuch as it is alleged that the petitioners had a right of way in Townsend Place as appurtenant to the land owned by them and there is no allegation respecting their title to the land in Townsend Place it would seem that the fair inference must be that it was the title to the right of way and not the title to the land of Townsend Place that was intended to be and was the subject of the petition.

We think that the demurrer was rightly sustained and the bill was rightly dismissed.

*Bill dismissed.*